| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leonard M. Shulman - Bar No. 126349<br>Ryan D. O'Dea - Bar No. 273478<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400<br>Facsimile: (949) 340-3000<br>Email: LShulman@shulmanbastian.com<br>ROdea@shulmanbastian.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Richard A. Marshack, Ch. 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>PHILLIP BARRY GREER,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:18-bk-10203-TA<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) Richard A. Marshack, Chapter 7 Trustee ,
   filed a motion or application (Motion) entitled Chapter 7 Trustee's Motion for Order Approving Settlement and Compromise of Disputes . . . Between the Bankruptcy Estate and Arlene Biden Greer .

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

(1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)  Movant will lodge an order that the court may use to grant the Motion; and

(3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 09/11/2023

/s/ Ryan D. O'Dea
Signature of Movant or attorney for Movant

Ryan D. O'Dea
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016    Page 2    F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

Leonard M. Shulman - Bar No. 126349
Ryan D. O'Dea - Bar No. 273478
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:      (949) 340-3400
Facsimile:      (949) 340-3000
Email:          LShulman@shulmanbastian.com
                ROdea@shulmanbastian.com

Attorneys for Richard A. Marshack,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:18-bk-10203-TA |
| **PHILLIP BARRY GREER,** | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT AND COMPROMISE OF DISPUTES UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 BETWEEN THE BANKRUPTCY ESTATE AND ARLENE BIDEN GREER; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RYAN D. O'DEA IN SUPPORT** |
| | [No Hearing Set Pursuant to Local Bankruptcy Rule 9013-1(o)] |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HIS COUNSEL, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER PARTIES IN INTEREST:**

Richard A. Marshack, the duly-appointed, qualified, and acting Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Phillip Barry Greer (the "Debtor") brings this *Motion* (the "Motion") *for Order Approving Settlement and Compromise* (the "Agreement") *of Disputes Under Federal Rule of Bankruptcy Procedure 9019 Between the Bankruptcy Estate and Arlene Biden*

*Greer* ("Mrs. Greer") (the Trustee and Mrs. Greer, are collectively referred to herein as the "Parties"), and respectfully represents as follows:

## I.    BACKGROUND

**A.    The Bankruptcy Case**

The Debtor filed a voluntary chapter 7 bankruptcy petition on February 22, 2018 ("Petition Date").  Richard A. Marshack is the duly appointed and acting chapter 7 Trustee for the Estate.

**B.    Factual Background**

1.    On April 16, 2018, the Trustee filed an adversary complaint (the "Complaint") commencing Adversary No. 8:18-ap-01069-MW[1] (the "Adversary Proceeding") against Mrs. Greer for (1) Avoidance and Recovery of Fraudulent Transfer, (2) Constructive Trust, (3) Declaratory Relief, (4) Turnover of Estate Property, and (5) Authorization to Sell Entirety of Property Regarding Real Property located at 19 Bridgeport Rd., Newport Coast, California (the "Property").

2.    On December 14, 2018, the Trustee filed his First Amended Complaint for (1) Avoidance and Recovery of Fraudulent Transfer, (2) Constructive Trust, (3) Declaratory Relief, (4) Turnover of Estate Property, and (5) Authorization to Sell Entirety of the Property ("First Amended Complaint").

3.    On April 10, 2019, the Trustee filed his Second Amended Complaint for (1) Avoidance and Recovery of Fraudulent Transfer, (2) Constructive Trust, (3) Declaratory Relief, (4) Turnover of Estate Property, and (5) Authorization to Sell Entirety of the Property ("Second Amended Complaint").

4.    The Parties desire to resolve and forever settle claims between them in connection with any and all claims, known or unknown, the Estate and/or Trustee has or may have against Mrs. Greer including, but not limited to, avoidance, recovery, and preservation of fraudulent transfers under 11 U.S.C. §§ 544, 548, 550, and 551, California Civil Code §§ 3439 and 3439.04 *et seq.* (collectively "Claims").

---

[1] Such Adversary Case now being 8:18-ap-01069-TA, due to reassignment of Judge.

**C.**     **Summary of Principal Terms of the Agreement**

The following is a summary of the principal terms of the Agreement for convenience purposes only and shall not constitute a basis for interpretation of the Agreement – the precise language of the agreement controls the agreement between the parties and is attached as **Exhibit "1"** to the declaration of Ryan D. O'Dea ("O'Dea Declaration").

1.    <u>Settlement Payment.</u> As consideration for the specified mutual releases and waivers set forth in the Agreement, Trustee agrees to settle all Claims against Mrs. Greer for a total payment of One Hundred Fifty Thousand Dollars ($150,000.00) ("<u>Settlement Amount</u>").   The Parties agree the Settlement Amount shall be paid as follows:

    a.   Within thirty (30) days after entry of a final and non-appealable order approving the Agreement (the "<u>Payment Deadline</u>"), Mrs. Greer shall pay the Settlement Amount via cashier's check made payable Richard A. Marshack, chapter 7 trustee and sent to 870 Roosevelt, Irvine, CA 92620

    b.   Mrs. Greer shall concurrently execute a stipulated judgment in the amount of Two Hundred Twenty-Five Thousand Dollars ($225,000.00) (the "<u>Stipulated Judgment</u>") in favor of Plaintiff, Richard A. Marshack, Chapter 7 Trustee of the Estate of Phillip Barry Greer ("<u>Plaintiff</u>") in the event of an uncured Default as defined and described in Paragraph 4 of the Agreement.  The increased amount of the Stipulated Judgment over that of the Settlement Amount is based upon the anticipated legal fees, legal costs, collection costs, and administrative expenses incurred by Plaintiff in the event of an uncured Default.  The Parties specifically and expressly acknowledge the enforceability and viability of the Stipulated Judgment, and Mrs. Greer knowingly and expressly (after advise from her counsel) waives any argument or defense regarding the purported unenforceability of the Stipulated Judgment.  Upon entry of the Order, Plaintiff may submit the Stipulated Judgment to the bankruptcy court to be entered by the Court.  In the event the Settlement Sum is timely paid, Plaintiff will file a satisfaction of judgment with the bankruptcy court and withdraw the *lis pendens* he recorded against the Property; and

    c.   Mrs. Greer acknowledges and expressly waives any claim(s) that may otherwise arise from the execution of the Agreement and the payment of the various settlement payments including under 11 U.S.C. § 502(h).

2.    <u>Conditions Precedent</u>.  The Parties acknowledge and agree that bankruptcy court approval of the Agreement, pursuant to a motion for approval of compromise under Rule 9019 of the Federal Rules of Bankruptcy Procedure 9019 ("<u>9019 Motion</u>"), is a necessary condition precedent to its effectiveness.  Trustee's counsel shall prepare and file the 9019 Motion. Timely payment of all amounts due and payable under the Agreement shall also be conditions precedent to the effectiveness of the releases in favor of Mrs. Greer.  Should the bankruptcy court deny approval of the Agreement, it shall have no force or effect and shall not be admissible evidence in any adversary proceeding against Mrs. Greer.

3. <u>Event of Default; Stipulated Judgment</u>. If the Settlement Amount is not received within three (3) days of the Payment Deadline, Mrs. Greer shall be in default under the Agreement ("<u>Default</u>"). In the event Mrs. Greer is in Default under the Agreement, she shall have five (5) days to cure the Default (*i.e.* a total of eight (8) days from the Payment Deadline) (the "<u>Cure Period</u>"). In the event Mrs. Greer fails to cure the Default by the Cure Period, Plaintiff may record the Stipulated Judgment against the Property and take any and all actions reasonably necessary to collect upon the Stipulated Judgment – including but not limited to marketing and selling the Property ("<u>Sale</u>"). In the event of a prospective Sale, Plaintiff is permitted to conduct a Sale pursuant to Bankruptcy Code Section 363 before the bankruptcy court. Any and all costs of sale directly associated with the Sale (including but not limited to escrow fees, title fees, recording fees, taxes, and broker fees) (the "<u>Costs of Sale</u>") shall be added to the amount of the Stipulated Judgment. Plaintiff shall be paid the amount due under the Stipulated Judgment and the Costs of Sale directly from escrow. Nothing in the Agreement shall preclude the Parties from agreeing, for cause and in good faith, to extend the Payment Deadline or the Cure Period.

4. <u>Representation as to Authority to Enter Into the Agreement</u>. Mrs. Greer represents and warrants that she has authority and competence to enter into the Agreement and agree to all terms and conditions. Mrs. Greer further represents and warrants that she is entering into the Agreement upon advise and recommendation of her legal counsel. Trustee in his official capacity and not his personal capacity, represents and warrants that he has, subject to bankruptcy court approval of the Agreement, authority to enter into the Agreement on behalf of the Estate. The Parties each represent and warrant to each other that he, she, or it has not assigned, transferred, pledged, or hypothecated, nor purported to assign, transfer or hypothecate, to any person, entity or individual, any claims, demands, causes of action, judgments, obligations, damages, attorney fees, rights, costs, and/or liabilities released, settled, or resolved pursuant to the Agreement.

5. <u>Mutual Release</u>. Except for the rights and obligations of the Parties arising out of the Agreement, all Parties hereby release, acquit, and forever discharge each other from any and all past, present, and future claims of every kind, type, and description, known or unknown, direct or consequential, foreseen or unforeseen, which have been, could have been, or may be asserted by and between the Parties with regard to any of the released claims, and Trustee accepts the Settlement Amount in full satisfaction of any and all claims against, or amounts owed by Mrs. Greer. The Parties further acknowledge and agree this release releases Richard A. Marshack both in his personal and official capacity and to Trustee's retained professionals.

a. Trustee hereby represents and acknowledges that he is not currently aware of any facts that would give rise to any additional claims against Mrs. Greer other than the Claims.

b. It is understood by the Parties that there is a risk that any of them may incur or suffer loss, damage, or injuries which are in some way caused by or related to the release contained in Section 6 of the Agreement, but which are unknown or unanticipated at the time of the execution of the Agreement. Further, the Parties understand there is a risk that loss or damage presently known may be or become greater than either Party now expects or anticipates. The Parties assume such risks and agree that the release contained in Section 5 of the Agreement shall apply to all unknown and/or unanticipated results arising from or relating to the subject matter of any claims released by the Agreement. The Parties waive against each other all rights under California Civil Code Section 1542, which provides as follows:

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

c.   The Parties agree and acknowledge that the California Civil Code Section 1542 waiver and the mutual releases are essential terms of the Agreement.

d.   Trustee and Mrs. Greer, being aware of California Civil Code Section 1542, and each being advised by his, her, or its counsel as to the same, hereby expressly waive any rights he, she, or it may have thereunder regarding any released claims or the actions or inactions of the Trustee as well as under any statutes or common law principles of similar effect.

6.   <u>Trustee's Capacity</u>.   Trustee is signing the Agreement solely in his capacity as the chapter 7 trustee for Debtor's Estate, however Richard A. Marshack is an intended third-party beneficiary of the Agreement and the releases provided for herein.   Nothing contained therein shall in any way impute liability to Richard A. Marshack personally, or anyone acting on his behalf, including his attorneys Shulman Bastian Friedman & Bui, LLP, his accountants, administrators, brokers, staff, or agents.

## II.   <u>LEGAL AUTHORITIES</u>

### A.   <u>Upon Court Approval, the Trustee May Compromise a Claim of the Estate.</u>

The power of the Court to review and approve settlements is expressly recognized in Federal Rule of Bankruptcy Procedure, Rule 9019(a), which provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.   Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Thus, upon notice to the creditors, the United States Trustee, debtor, and indenture trustees, the Trustee may compromise a claim of the Estate.   The approval of a compromise is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).   *In re Carla Leather, Inc.*, 50 B.R. 764, 775 (S.D.N.Y. 1985).

### B.   <u>The Court May Approve a Compromise Which is Fair and Equitable.</u>

The purpose of a compromise agreement is to allow the parties to avoid the expenses and burdens associated with litigation.   *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. denied sub nom, Martin v. Robinson*, 479 U.S. 854 (1986).   The bankruptcy

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

court has great latitude in approving compromise agreements as long as it finds that the compromise is fair and equitable. *Id*. at 1382; *see also, Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). Generally, the benchmark in determining the propriety of a settlement is whether the settlement is in the best interests of the estate and its creditors. *In re Energy Cooperative, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989). To be approved, the settlement need not represent the highest possible return to the estate, but merely must not fall below the "range of reasonableness." *In re Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1992). In making this determination, the bankruptcy court need not conduct a trial or even a "mini trial" on the merits. *Id*.

In determining the fairness, reasonableness and adequacy of a proposed settlement, the Court must consider the following factors:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*A & C Properties*, 784 F.2d at 1381; *Woodson*, 839 F.2d at 620. In other words, the Court must weigh certain factors in order to determine whether the compromise is in the best interests of the bankrupt estate. *A & C Properties*, 784 F.2d at 1382.

The Trustee believes that based on the four factors under *A & C Properties*, the proposed Agreement is in the best interest of the Estate.

### 1. **Probability of Success in Litigation.**

Although the Trustee believes in the merits of the Adversary Proceeding, the Trustee also understands that there is risk inherent in any litigation regardless of the merits. Notwithstanding the Trustee's perceived merits of the Adversary Proceeding, there are numerous issues which bear upon the Trustee's likelihood of success. In particular, the Trustee is seeking to avoid a transfer of real property that occurred approximately ten (10) years before Petition Date using the Internal Revenue Service as the triggering creditor. While the Trustee believes the legal authorities are favorable to his position regarding his ability to utilize portions of the Internal Revenue Code as "applicable law" under Bankruptcy Code Section 544, proving an actual fraudulent transfer going back approximately

ten (10) years is a large hurdle to clear.  The Trustee believes many facts and a number of documents exist establishing multiple badges of fraud sufficient to avoid the transfer of Debtor's residence to his wife.  However, the Trustee is aware of the Debtor's and Mrs. Greer's defenses to the fraudulent transfer making the ultimate outcome of the litigation uncertain.

In sum, given the myriad disputes between the Parties and the factual complexity of the Adversary Proceeding, the probability of success is uncertain and contains risk.  Furthermore, the purpose of a compromise agreement is to allow the Trustee to avoid the expenses and burdens associated with litigating contested and uncertain claims, and it should be noted that the law favors compromise over litigation.  As such, these factors weigh in favor of settling.

**2.      Difficulties, if any, to be Encountered in the Matter of Collections.**

The difficulty of collection weighs clearly in favor of settling.  To collect on the Estate's claims, the Trustee would have to ultimately prevail in the Adversary Proceeding and, if successful, he would then have to collect on any award in favor of the Estate.  Based on the Trustee's investigations, he does not believe collection on his judgment would be difficult – but it is unclear how much equity the residence currently has given the numerous consensual encumbrances and tax liens thereon.  If the Trustee was successful in his avoidance of Debtor's transfer of the residence, he would need to market and sell the residence – with the hope that the Trustee does not encounter any problems with Debtor and Mrs. Greer vacating the residence.

All of these efforts will result in substantial and concomitant delays and additional significant costs to the Estate.  Accordingly, this factor weighs in favor of settling.

**3.      The Complexity of the Litigation Involved, Expense, Inconvenience and Delay Necessarily Attending It.**

The Adversary Proceeding is both legally and factually complex and may necessitate procurement of testimony and documents relating to events many years in the past.  If the Trustee continued to litigate the Adversary Proceeding, the Trustee would incur a significant amount of time and money, including engaging in discovery, attending trial and possibly responding to appeals.  In light of this, the Trustee believes that litigating the Adversary Proceeding will be exceedingly expensive for the Estate and will likely exceed any prospective judgment the Trustee may obtain.

1  Based thereon, the Trustee believes the proposed settlement and compromise is the most expedient

2  and cost-effective method for resolving the Adversary Proceeding.  As such, this factor also weighs

3  in favor of settling.

4      **4.**  **The Paramount Interest of the Creditors and the Proper Deference to their**

5          **Reasonable Views**

6      The Agreement should be approved as a means of preserving assets and enhancing the value

7  of the Estate.  The Agreement allows a resolution of the Adversary Proceeding and ceases costly

8  and risky activities related to litigation of the disputes.

9      The settlement is based on the Trustee's business judgment. Rather than delay administration

10 and incur expenses or resources litigating the Adversary Proceeding, the Trustee has determined

11 that the Agreement reached is fair and reasonable.

12     In summary, the  Agreement reached is based on the Trustee's good business judgment that

13 it will benefit the Estate and creditors.  Based on this, approval of the Motion is proper.

14         **III.**  **CONCLUSION**

15     Based on the reasons set forth above, the Trustee respectfully requests that the Court enter

16 an order as follows:

17     1.  Granting the Motion;

18     2.  Approving the Agreement, a copy of which is attached as **Exhibit "1"** to the O'Dea

19 Declaration;

20     3.  Authorizing the Trustee to execute any necessary documents to carry out the

21 provisions as contemplated in the Agreement; and

22     4.  For such other and further relief, the Court deems just and proper.

23         **SHULMAN BASTIAN FRIEDMAN & BUI LLP**

24

25 DATED: September 11, 2023      By:     */s/ Ryan D. O'Dea*

26     Leonard M. Shulman

27     Ryan D. O'Dea
       Attorneys for Richard A. Marshack, Chapter 7

28     Trustee

## DECLARATION OF RYAN D. O'DEA

I, Ryan D. O'Dea, declare as follows:

1.      I am a partner at the law firm Shulman Bastian Friedman & Bui, LLP, counsel for the duly appointed, qualified and acting Chapter 7 trustee for the bankruptcy estate ("Estate") of *In re Phillip Barry Greer*, Case No. Case No. 8:18-bk-10203-TA ("Debtor"). As the primary attorney handling the lawsuit against Mrs. Greer, I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2.      I make this declaration in support of the Trustee's Motion for Order Approving Settlement and Compromise of Disputes Under Federal Rule of Bankruptcy Procedure 9019 Between the Bankruptcy Estate and Arlene Biden Greer ("Motion"). All capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

3.      A true and correct copy of the Agreement is attached here as **Exhibit 1**.

4.      Before the Agreement was executed by the Trustee, I informed the Trustee about the risks and benefits of entering into the settlement and the benefits to the Estate which would result from the settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 11, 2023.


                                                          */s/ Ryan D. O'Dea*
                                                          Ryan D. O'Dea

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

# EXHIBIT "1"

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

Richard A. Marshack, in his capacity as the chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Phillip Barry Greer ("Debtor"), on the one hand, and Arlene Biden Greer ("Mrs. Greer"); on the other hand, enter into this Settlement Agreement ("Agreement") as of June ____, 2023, in connection with any and all claims, known or unknown, the Estate and/or Trustee has or may have against Mrs. Greer including, but not limited to, avoidance, recovery, and preservation of fraudulent transfers under 11 U.S.C. §§ 544, 548, 550, and 551, California Civil Code §§ 3439 and 3439.04 *et seq.* (collectively "Claims"). Trustee and Mrs. Greer are each referred to as a "Party" and collectively as "Parties." The Parties hereby agree as follows:

## RECITALS

A.    On February 13, 2018, Debtor filed a voluntary petition for bankruptcy under Chapter 7 of Title 11 of the United States Code, initiating the underlying bankruptcy case number 8:18-bk-10203-TA ("Bankruptcy Case"). Richard A. Marshack is the duly appointed and acting chapter 7 trustee for the Estate.

B.    On April 16, 2018, Trustee filed an adversary complaint (the "Complaint") commencing Adversary No. 8:18-ap-01069-MW (the "Adversary Proceeding") against the Defendant for (1) Avoidance and Recovery of Fraudulent Transfer; (2) Constructive Trust; (3) Declaratory Relief; (4) Turnover of Estate Property; and (5) Authorization to Sell Entirety of Real Property Regarding Real Property Located at 19 Bridgeport Rd., Newport Coast, California (the "Property").

C.    On December 14, 2018, Trustee filed his First Amended Complaint for (1) Avoidance and Recovery of Fraudulent Transfer; (2) Constructive Trust; (3) Declaratory Relief; (4) Turnover of Estate Property; and (5) Authorization to Sell Entirety of the Property ("First Amended Complaint").

D.    On April 10, 2019, Trustee filed his Second Amended Complaint for (1) Avoidance and Recovery of Fraudulent Transfer; (2) Constructive Trust; (3) Declaratory Relief; (4) Turnover of Estate Property; and (5) Authorization to Sell Entirety of the Property ("Second Amended Complaint").

E.    By and through this Agreement, the Parties desire to resolve and forever settle claims between them including the alleged Claims in order to avoid the uncertainty, costs, and expenses associated with litigation and trial. This Agreement is a compromise of any and all disputes known and unknown between Trustee and the Estate, on the one hand, and Mrs. Greer on the other hand. Execution of this Agreement shall not be treated, and is not intended, as an admission of liability by any Party for any purpose whatsoever.

## AGREEMENT

**NOW, THEREFORE**, in consideration of the foregoing Recitals and of the mutual agreements and covenants set forth in this Agreement, and for other good and valuable

consideration, the sufficiency and adequacy of which is acknowledged, the Parties agree as follows:

1.    **Incorporation of Recitals.** The Recitals are incorporated in this Agreement by reference as though set forth in full and are acknowledged by the Parties to be material representations forming the basis of this Agreement.

2.    **Settlement Payment.**  As consideration for the specified mutual releases and waivers set forth in this Agreement, Trustee agrees to settle all Claims against Mrs. Greer for a total payment of One Hundred Fifty Thousand Dollars ($150,000.00) ("Settlement Amount"). The Parties agree the Settlement Amount shall be paid as follows:

    a.    Within thirty (30) days after entry of a final and non-appealable order approving this Agreement (the "Payment Deadline"), Mrs. Greer shall pay the Settlement Amount via cashier's check made payable Richard A. Marshack, chapter 7 trustee and sent to 870 Roosevelt, Irvine, CA 92620

    b.    Mrs. Greer shall concurrently execute a stipulated judgment in the amount of Two Hundred Twenty-Five Thousand Dollars ($225,000.00) (the "Stipulated Judgment") in favor of Plaintiff in the event of an uncured Default as defined and described in Paragraph 4 of this Agreement.  The increased amount of the Stipulated Judgment over that of the Settlement Amount is based upon the anticipated legal fees, legal costs, collection costs, and administrative expenses incurred by Plaintiff in the event of an uncured Default.  The Parties specifically and expressly acknowledge the enforceability and viability of the Stipulated Judgment, and Mrs. Greer knowingly and expressly (after advise from her counsel) waives any argument or defense regarding the purported unenforceability of the Stipulated Judgment.  Upon entry of the Order, Plaintiff may submit the Stipulated Judgment to the bankruptcy court to be entered by the Court.  In the event the Settlement Sum is timely paid, Plaintiff will file a satisfaction of judgment with the bankruptcy court and withdraw the *lis pendens* he recorded against the Property; and

    c.    Mrs. Greer acknowledges and expressly waives any claim(s) that may otherwise arise from the execution of this Agreement and the payment of the various settlement payments including under 11 U.S.C. § 502(h).

3.    **Conditions Precedent.** The Parties acknowledge and agree that bankruptcy court approval of this Agreement, pursuant to a motion for approval of compromise under Rule 9019 of the Federal Rules of Bankruptcy Procedure 9019 ("9019 Motion"), is a necessary condition precedent to its effectiveness.  Trustee's counsel shall prepare and file the 9019 Motion. Timely payment of all amounts due and payable under this Agreement shall also be conditions precedent to the effectiveness of the releases in favor of Mrs. Greer.  Should the bankruptcy court deny approval of this Agreement, it shall have no force or effect and shall not be admissible evidence in any adversary proceeding against Mrs. Greer.

SETTLEMENT AGREEMENT AND MUTUAL RELEASE

4.    **Event of Default; Stipulated Judgment.**  If the Settlement Amount is not received within three (3) days of the Payment Deadline, Mrs. Greer shall be in default under this Agreement ("Default").  In the event Mrs. Greer is in Default under this Agreement, she shall have five (5) days to cure the Default (*i.e.* a total of eight (8) days from the Payment Deadline) (the "Cure Period").  In the event Mrs. Greer fails to cure the Default by the Cure Period, Plaintiff may record the Stipulated Judgment against the Property and take any and all actions reasonably necessary to collect upon the Stipulated Judgment – including but not limited to marketing and selling the Property ("Sale").  In the event of a prospective Sale, Plaintiff is permitted to conduct a Sale pursuant to Bankruptcy Code Section 363 before the bankruptcy court.  Any and all costs of sale directly associated with the Sale (including but not limited to escrow fees, title fees, recording fees, taxes, and broker fees) (the "Costs of Sale") shall be added to the amount of the Stipulated Judgment.  Plaintiff shall be paid the amount due under the Stipulated Judgment and the Costs of Sale directly from escrow.  Nothing in this Agreement shall preclude the Parties from agreeing, for cause and in good faith, to extend the Payment Deadline or the Cure Period.

5.    **Representation as to Authority to Enter Into the Agreement.**  Mrs. Greer represents and warrants that she has authority and competence to enter into this Agreement and agree to all terms and conditions.  Mrs. Greer further represents and warrants that she is entering into this Agreement upon advise and recommendation of her legal counsel.  Trustee in his official capacity and not his personal capacity, represents and warrants that he has, subject to bankruptcy court approval of this Agreement, authority to enter into this Agreement on behalf of the Estate. The Parties each represent and warrant to each other that he, she, or it has not assigned, transferred, pledged, or hypothecated, nor purported to assign, transfer or hypothecate, to any person, entity or individual, any claims, demands, causes of action, judgments, obligations, damages, attorney fees, rights, costs, and/or liabilities released, settled, or resolved pursuant to this Agreement.

6.    **Mutual Release.**  Except for the rights and obligations of the Parties arising out of this Agreement, all Parties hereby release, acquit, and forever discharge each other from any and all past, present, and future claims of every kind, type, and description, known or unknown, direct or consequential, foreseen or unforeseen, which have been, could have been, or may be asserted by and between the Parties with regard to any of the released claims, and Trustee accepts the Settlement Amount in full satisfaction of any and all claims against, or amounts owed by Mrs. Greer.  The Parties further acknowledge and agree this release releases Richard A. Marshack both in his personal and official capacity and to Trustee's retained professionals.

a.    Trustee hereby represents and acknowledges that he is not currently aware of any facts that would give rise to any additional claims against Mrs. Greer other than the Claims.

b.    It is understood by the Parties that there is a risk that any of them may incur or suffer loss, damage, or injuries which are in some way caused by or related to the release contained in Section 6 of this Agreement, but which are unknown or unanticipated at the time of the execution of the Agreement.  Further, the Parties understand there is a risk that loss or damage presently known may be or become greater than either Party now expects or anticipates.  The Parties assume such risks and agree that the release contained in Section 5 of this Agreement shall apply to all unknown and/or unanticipated results arising from or relating to the subject matter of any claims released by this Agreement.  The Parties waive against each other all rights under California Civil Code Section 1542, which provides as follows:

SETTLEMENT AGREEMENT AND MUTUAL RELEASE

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

c.    The Parties agree and acknowledge that the California Civil Code Section 1542 waiver and the mutual releases are essential terms of this Agreement.

d.    Trustee and Mrs. Greer, being aware of California Civil Code Section 1542, and each being advised by his, her, or its counsel as to the same, hereby expressly waive any rights he, she, or it may have thereunder regarding any released claims or the actions or inactions of the Trustee as well as under any statutes or common law principles of similar effect.

7.    **Trustee's Capacity.**    Trustee is signing this Agreement solely in his capacity as the chapter 7 trustee for Debtor's Estate, however Richard A. Marshack is an intended third-party beneficiary of this Agreement and the releases provided for herein.  Nothing contained herein shall in any way impute liability to Richard A. Marshack personally, or anyone acting on his behalf, including his attorneys Shulman Bastian Friedman & Bui, LLP, his accountants, administrators, brokers, staff, or agents.

8.    **Rules of Construction.**    Each of the Parties acknowledge that it has participated in the drafting of this Agreement and reviewed the terms of the Agreement and, as such, no rule of construction shall apply in any interpretation of this Agreement which might result in this Agreement being construed in favor or against either of them, including without limitation, any rule of construction to the effect that ambiguities ought to be resolved against the drafting party.

9.    **Attorneys' Fees and Costs.**    Each of the Parties shall each bear the cost of their own respective attorneys' fees and costs incurred in connection with their investigation, negotiation, and documentation of this Agreement.  Nothing in this Agreement limits the ability of the Trustee or retained professionals from seeking allowance of compensation from the Estate for services related to this matter.

10.    **Tax Consequences.**    The Parties agree that they are relying on their own knowledge and due diligence, as well as the opinion(s) of their own respective accountants, attorneys, and professionals regarding the tax consequences of this Agreement. The Trustee expressly disclaims any opinion with respect to the tax consequences of this Agreement.

11.    **Governing Law.**    This Agreement shall be governed by, and construed in accordance with, the laws of the State of California applicable to contracts made and is to be performed entirely within such state. In the event of any dispute, the United States Bankruptcy Court for the Central District of California, Santa Ana Division shall be the exclusive forum to resolve such dispute.

12.    **Entire Agreement.**    The Parties to this Agreement represent and warrant that they have read this Agreement in its entirety, that they fully understand their rights and obligations

under this Agreement, that they have executed this Agreement freely and voluntarily, that this Agreement constitutes the entire understanding and agreement between the Parties with respect to the matters referred to in this Agreement, and that there are no other representations, covenants, or other prior or contemporaneous agreements which are not specifically incorporated. The Parties further represent and warrant that they have consulted with an attorney of their choice who has explained to them all of the terms and conditions of this Agreement and the consequences of signing it.

13. **Headings.** The paragraph headings contained in this Agreement are for convenience only and shall not be considered for any purpose in construing this Agreement.

14. **Counterparts.** This Agreement may be executed in counterparts and by facsimile, email or electronic signature with the same force and effect as if all original signatures were set forth in a single document, and as so executed, shall constituted one agreement binding on all Parties. This Agreement shall not be binding until signed by all Parties.

15. **Time is of the Essence.** Time is of the essence as to each and every term of this Agreement.

16. **Amendments.** Any amendment, modification, alteration, or other change to this Agreement must be in writing, physically signed by the duly authorized representatives of all Parties, and must expressly state the intent of the Parties to amend, modify, or otherwise change this Agreement. Nothing else, including, but not limited to, detrimental reliance, estoppel, oral representations or any promises whatsoever shall modify, amend, or alter this Agreement.

**IN WITNESS WHEREOF**, the Parties execute this Agreement as of the day and year written above.

| | |
|---|---|
| **RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR THE ESTATE OF PHILLIP BARRY GREER** | **ARLENE C. GREER** |
| By:_____ | By:_____ |
| Name:  RICHARD A. MARSHACK | Name:  ARLENE C. GREER |
| Date:_____ | Date:_____ |

5

SETTLEMENT AGREEMENT AND MUTUAL RELEASE

under this Agreement, that they have executed this Agreement freely and voluntarily, that this Agreement constitutes the entire understanding and agreement between the Parties with respect to the matters referred to in this Agreement, and that there are no other representations, covenants, or other prior or contemporaneous agreements which are not specifically incorporated. The Parties further represent and warrant that they have consulted with an attorney of their choice who has explained to them all of the terms and conditions of this Agreement and the consequences of signing it.

13.     **Headings.** The paragraph headings contained in this Agreement are for convenience only and shall not be considered for any purpose in construing this Agreement.

14.     **Counterparts.** This Agreement may be executed in counterparts and by facsimile, email or electronic signature with the same force and effect as if all original signatures were set forth in a single document, and as so executed, shall constituted one agreement binding on all Parties. This Agreement shall not be binding until signed by all Parties.

15.     **Time is of the Essence.** Time is of the essence as to each and every term of this Agreement.

16.     **Amendments.** Any amendment, modification, alteration, or other change to this Agreement must be in writing, physically signed by the duly authorized representatives of all Parties, and must expressly state the intent of the Parties to amend, modify, or otherwise change this Agreement. Nothing else, including, but not limited to, detrimental reliance, estoppel, oral representations or any promises whatsoever shall modify, amend, or alter this Agreement.

**IN WITNESS WHEREOF**, the Parties execute this Agreement as of the day and year written above.

RICHARD A. MARSHACK,
CHAPTER 7 TRUSTEE FOR THE
ESTATE OF PHILLIP BARRY
GREER

By:_____
Name:   RICHARD A. MARSHACK
Date:_____

ARLENE C. GREER

By:_____
Name:   ARLENE C. GREER
Date:   _June 26, 2023_

5
SETTLEMENT AGREEMENT AND MUTUAL RELEASE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT AND COMPROMISE OF DISPUTES UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 BETWEEN THE BANKRUPTCY ESTATE AND ARLENE BIDEN GREER; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RYAN D. O'DEA IN SUPPORT [With Notice of Opportunity to Request a Hearing on Motion]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 11, 2023,  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On September 11, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/11/2023 | Lori Gauthier | */s/ Lori Gauthier* |
|-----------|---------------|---------------------|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                        **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- **Timothy C Aires**    tca@arlawyers.com, gperez@arlawyers.com
- **Peter Bach-y-Rita**    peter.bachyrita@gmail.com, peter.bachyrita@yahoo.com
- **James C Bastian**    jbastian@shulmanbastian.com
- **Arnold L Graff**    agraff@wrightlegal.net,
  bkudgeneralupdates@wrightlegal.net;jpowell@wrightlegal.net
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marsha
  ckhays.com;cmendoza@ecf.courtdrive.com
- **Nancy L Lee**    bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
- **Judith E Marshack**    jmarshack@marshackhays.com,
  jmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Ryan D O'Dea**    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Misty A Perry Isaacson**    misty@ppilawyers.com,
  ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Robert P Zahradka**    rzahradka@nationalfunding.com

**SERVED BY UNITED STATES MAIL:**

Phillip B Greer
1280 Bison Suite B9 531
Newport Beach, CA 92660

Phillip Barry Greer
19 Bridgeport
Newport Coast, CA 92657-1014

ATII Legacy, LLC
Chapman and Cutler LLP
David Audley
111 W. Monroe Street
Chicago, IL 60603

Deutsche Bank National Trust Company
c/o McCarthy & Holthus, LLP
411 Ivy Street
San Diego, CA 92101-2108

Chriss Street
c/o Timothy Aires
6 Hughes, Suite 205
Irvine, Ca 92618

Department Stores National Bank
c/o Quantum3 Group LLC
PO Box 657
Kirkland, WA 98083-0657

Department Stores National Bank
Citibank, N.A.
701 East 60th Street North
Sioux Falls, SD 57117

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

DSNB MACY S|CITIBANK
1000 TECHNOLOGY DRIVE MS 777
O FALLON MO 63368-2222

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101

Karl T. Anderson, Chapter 7 Trustee
c/o PAGTER AND PERRY ISAACSON
Attn: Misty Perry Isaacson
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92701

MUFG Union Bank, N.A.,
fka Union Bank, N.A.
P.O. Box 85600, 2-36D-224
San Diego, CA 92186

Arlene Biden
c/o Phillip Greer
19 Bridgeport Road
Newport Coast, CA 92657

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500