| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leonard M. Shulman - Bar No. 126349<br>Ryan D. O'Dea - Bar No. 273478<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400<br>Facsimile: (949) 340-3000<br>Email: LShulman@shulmanbastian.com<br>ROdea@shulmanbastian.com | |
| ☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Richard A. Marshack, Ch. 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>PHILLIP BARRY GREER, | CASE NO.: 8:18-bk-10203-TA<br><br>CHAPTER: 7 |
|---|---|
| <br><br><br>Debtor(s). | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br>[No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.  Movant(s) Richard A. Marshack, Chapter 7 Trustee,
    filed a motion or application (Motion) entitled Chapter 7 Trustee's Motion for Order Approving Settlement and Compromise of Disputes . . . Between the Trustee and Chriss W. Street.

2.  Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3.  The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

    ☒ The full Motion is attached to this notice; or

    ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4.  **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

   (1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

   (2)  Movant will lodge an order that the court may use to grant the Motion; and

   (3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  09/11/2023

/s/ Ryan D. O'Dea
Signature of Movant or attorney for Movant

Ryan D. O'Dea
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                    Page 2                    F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

Leonard M. Shulman - Bar No. 126349
Ryan D. O'Dea - Bar No. 273478
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:     (949) 340-3400
Facsimile:     (949) 340-3000
Email:          LShulman@shulmanbastian.com
                ROdea@shulmanbastian.com

Attorneys for Richard A. Marshack,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:18-bk-10203-TA |
| **PHILLIP BARRY GREER,** | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT AND COMPROMISE OF DISPUTES UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 BETWEEN THE TRUSTEE AND CHRISS W. STREET; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RYAN D, O'DEA IN SUPPORT** |
| | [No Hearing Set Pursuant to Local Bankruptcy Rule 9013-1(o)] |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HIS COUNSEL, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER PARTIES IN INTEREST:**

Richard A. Marshack, the duly-appointed, qualified, and acting Chapter 7 trustee ("<u>Trustee</u>") for the bankruptcy estate ("<u>Estate</u>") of Phillip Barry Greer (the "<u>Debtor</u>") brings this *Motion* (the "<u>Motion</u>") *for Order Approving Settlement and Compromise of Disputes Under Federal Rule of Bankruptcy Procedure 9019 Between the Bankruptcy Estate and Chriss W. Street* ("<u>Creditor Street</u>")

(the Trustee and Creditor Street may collectively be referred to herein as the "Parties", or individually as "Party"), and respectfully represents as follows:

## I.    BACKGROUND

**A.    The Bankruptcy Case**

The Debtor filed a voluntary chapter 7 bankruptcy petition on February 22, 2018 ("Petition Date").  Richard A. Marshack is the duly appointed and acting chapter 7 Trustee for the Estate.

**B.    Factual Background**

1.    Creditor Street is the judgment creditor under that certain judgment entered against the Debtor in that certain civil action entitled, Street v. Greer, Orange Cunty Superior Court Case No. 30-2011-00512573-CU-BT-CJC (the "State Court Action").

2.    On April 16, 2018, the Trustee filed an adversary proceeding in relation to the Bankruptcy Proceeding in the United States Bankruptcy Court, Central District of California, Orange County Division, Case No. 8:18-ap-01069 (the "Trustee Action").  The Trustee Action, among other things, seeks recovery of Debtor's interest in that certain real property commonly known as 19 Bridgeport, Newport Beach, CA 92657 (the "Residence"), which was fraudulently conveyed to Debtor's spouse, Arlene C. Greer a.k.a. Arlene C. Biden ("Debtor's Spouse").

3.    On April 26, 2018, Creditor Street filed a separate adversary proceeding in relation to the Bankruptcy Proceeding, in the United States Bankruptcy Court, Central District of California, Orange County Division, Case No. 8:18-ap-01075 (the "Creditor Street Action").  The Creditor Street Action, among other things, seeks a judicial declaration that Debtor, as owner, has an interest in the Residence, which is subject to a judgment lien in favor of Creditor Street by virtue of the recordation of an abstract of the State Court Judgment as Document No. 2017000337882 in the Official Records of the Orange County Recorder (the "Abstract Lien") and an "ORAP Lien" encumbering the non-exempt personal property of the Debtor.

4.    The Parties dispute certain claims and allegations set forth in their respective Trustee Action and Creditor Street Action (the "Dispute").

5.    Notwithstanding the Dispute, the Parties believe that Debtor owns, as community property, a substantial amount of personal property and/or household property (collectively, the "Personal Property") that Debtor did not list in the schedules in the Bankruptcy Proceeding.

6.    If the Trustee is successful in its Trustee Action, the Trustee intends to market and sell any and all property found to be the property of the Estate, including, but not limited to, the Residence and Personal Property.

7.    Even if the Trustee is successful in its Trustee Action, the Trustee would not be able to market and sell such property because Creditor Street has or allegedly has a lien on the Residence by virtue of the Abstract Lien and a lien on the non-exempt personal property of the Debtor by virtue of the ORAP Lien (each a "Lien", and collectively, the "Liens").

8.    Despite the Liens, Creditor Street desires and authorizes the Trustee to market and sell the Residence and Personal Property and have entered into that certain Settlement Agreement and General Release ("Settlement Agreement") in order to fully and completely settle all disputes, claims, demands and causes of action which the Parties have, or may have, known or unknown, as to one another, including without limitation all matters arising out of or connected with, or incidental to any dealings between them, the Trustee Action, the Creditor Street Action, or the Liens, up to and including the effective date of the Settlement Agreement.

C.    **Summary of Principal Terms of the Settlement Agreement**

The following is a summary of the principal terms of the Settlement Agreement for convenience purposes only and shall not constitute a basis for interpretation of the Settlement Agreement – the precise language of the Settlement Agreement controls the agreement between the parties and is attached as **Exhibit "1"** to the declaration of  Ryan D. O'Dea ("O'Dea Declaration").

1.    Order Approving Settlement Agreement.  The Settlement Agreement is contingent upon entry of a final, non-appealable order of the Bankruptcy Court approving the Settlement Agreement (the "Order").  Within fourteen (14) days from the Settlement Agreement being executed by all parties, the Trustee shall file a motion for approval of compromise pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "9019 Motion") seeking Bankruptcy Court approval of the Settlement Agreement.

2.    Obligations of the Parties.  The Parties agree that for and in consideration of (i) the Recitals set forth in the Settlement Agreement, (ii) Creditor Street dismissing Trustee, and all claims and allegations against Trustee in the Creditor Street Action with prejudice, (iii) Creditor Street

allowing the Trustee to proceed with the Trustee Action against Debtor's Spouse, the Trustee shall be authorized, notwithstanding the Liens, to attempt to obtain, marshal, and liquidate any and all property found to be the property of the Estate, including, but not limited to the Residence and Personal Property, and (iv) Creditor Street stipulating, at the election of the Trustee, to entry of an order substituting the Trustee in place of Creditor Street to proceed with the Creditor Street Action against Debtor's Spouse, in order to aid the Trustee in his attempt to obtain, marshal, and liquidate any and all property found to be property of the Estate, including, but not limited to, the Residence and Personal Property.

3.    <u>Sale of Residence</u>.  In the event the Trustee prevails in the Trustee Action and sells the Residence, the Trustee shall disburse the Net Proceeds to Creditor Street by delivery to "Aires Law Trust Account fbo Street", 6 Hughes, Suite 205, Irvine, CA 92618 within thirty (30) days from the date of such sale.  "Net Proceeds" from the sale of the Residence shall be calculated as (i) the sale price of the Residence, (ii) minus (a) marketing and selling costs related to the sale of the Residence, (b) a surcharge equal to Trustee's fees and costs incurred (including, but not limited to, counsel's fees and costs calculated consistent with the Court-approved employment application of Sherman Hodges & Bastian, LLP[1], (c) payment of the Trustee's statutory fees allowable under the Bankruptcy Code, and (d) a $50,000 carve-out payable to timely filed unsecured claims of the Estate.  The amount of the Trustee's professional's fees and costs will be determined as of the date the Net Proceeds are submitted to the Creditor pursuant to the Settlement Agreement, whether or not a Bankruptcy Court order has been entered approving said fees and costs.  Within fifteen (15) days from the entry of Bankruptcy Court order approving the final fees and costs of the Trustee's professionals, the Trustee shall remit to Creditor the amount of any fees and/or costs not approved by the Bankruptcy Court that were being withheld from the Net Proceeds.

4.    <u>Sale of Personal Property</u>.  In the event the Trustee prevails in the Trustee Action and sells any and all Personal Property found to be property of the Estate, the Trustee shall disburse 75% of the Net Sales Proceeds to Creditor Street by delivery to "Aires Law Trust Account fbo Street", 6 Hughes, Suite 205, Irvine, CA 92618 within thirty (30) days from the date of such sale, and the remaining 25% of the Net Sales Proceeds shall be paid to the general unsecured creditors of the Estate until such creditors are paid in full.  "Net Sales Proceeds" from the sale of such Personal Property shall be calculated as (i) the sale price of such Personal Property, (ii) minus (a) cost of goods sold, (b) a surcharge equal to Trustee's fees and costs (including, but not limited to, counsel's fees and costs calculated consistent with the Court-approved employment application of Sherman Hodges & Bastian, LLP[2], and (c) payment of the Trustee's statutory fees allowable under the Bankruptcy Code.  Nothing in the Settlement Agreement shall obligate the Trustee to liquidate any personal property of the Estate as the Parties agree the decision to liquidate personal property of the Estate is within the sole discretion and business judgment of the Trustee.  The Parties further agree that the Trustee will not marshal or liquidate an item of personal property unless said item has a fair market value in excess of $3,000.00.

5.    <u>Treatment of Creditor Street's Proof of Claim and Liens</u>.  Trustee waives any defense to Creditor Street's Proof of Claim and any challenge to the nature, source, extent, and validity of the Liens.  Within fifteen (15) days after the Bankruptcy Court enters the Order approving the 9019

---

[1] Sherman Hodges & Bastian LLP now Sherman Bastian Friedman & Bui LLP.

[2] Sherman Hodges & Bastian LLP now Sherman Bastian Friedman & Bui LLP.

Motion, Creditor Street shall prepare and file such documents as are necessary to dismiss Trustee, and all claims and allegations against Trustee in the Creditor Street Action with prejudice.

6.    <u>General Release</u>.  Except for the obligations created by the Settlement Agreement, effective on the Effective Date, each Party on behalf of itself, and his/her heirs, spouses, offspring, affiliates, executors, administrators, insurance companies, predecessors, successors, assigns, agents, servants, employees, members, corporations, officers, directors, partnerships, partners, associates, attorneys, representatives, principals, joint ventures, parents, trustees, subsidiaries, shareholders, past and present, or anyone else claiming by and through such Party, acknowledge full and complete satisfaction of and fully and unconditionally, forever and irrevocably release, discharge, and acquit, the other Party and its affiliates, as well as their administrators, predecessors, successors, assigns, agents, servants, employees, members, corporations, insurance companies, officers, directors, partnerships, partners, associates, attorneys, representatives, principals, joint ventures, parents, trustee, subsidiaries, shareholders, past and present, and each of them, from any and all rights, claims, demands, objections, liabilities, lawsuits or claims pertaining to or arising out of the Trustee Action, Creditor Street Action, sale of Residence, Personal Property, or any property found to be property of the Estate, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, causes of action, debts, sums of money, accounts, compensation, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character (including attorneys' fees and costs), and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist of whatever kind or nature, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty or other legal or equitable theory of recovery (collectively, a "<u>Claim</u>" or the "<u>Claims</u>").

7.    <u>1542 Waiver</u>.  As a condition of the Settlement Agreement and the intent of the Parties in executing the Settlement Agreement and in giving the releases set forth in the Settlement Agreement, that the same be effective as a bar to each and every claim, demand and cause of action, matter or thing specified; and in furtherance of such intention, the Parties expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code which provides:

**"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected this settlement with the debtor."**

The parties expressly waive and relinquish all rights and benefits under Section 1542.

## II.    <u>LEGAL AUTHORITIES</u>

A.    <u>Upon Court Approval, the Trustee May Compromise a Claim of the Estate.</u>

The power of the Court to review and approve settlements is expressly recognized in Federal

Rule of Bankruptcy Procedure, Rule 9019(a), which provides:

On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States

1  trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other
2  entity as the court may direct.

3  Thus, upon notice to the creditors, the United States Trustee, debtor, and indenture trustees, the

4  Trustee may compromise a claim of the Estate.  The approval of a compromise is a core proceeding

5  under 28 U.S.C. § 157(b)(2)(A) and (O).  *In re Carla Leather, Inc.*, 50 B.R. 764, 775 (S.D.N.Y.

6  1985).

7  **B.**   **The Court May Approve a Compromise Which is Fair and Equitable.**

8         The purpose of a compromise agreement is to allow the parties to avoid the expenses and

9  burdens associated with litigation.  *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-

10  81 (9th Cir. 1986), *cert. denied sub nom, Martin v. Robinson*, 479 U.S. 854 (1986).  The bankruptcy

11  court has great latitude in approving compromise agreements as long as it finds that the compromise

12  is fair and equitable.  *Id*. at 1382; *see also, Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*,

13  839 F.2d 610, 620 (9th Cir. 1988).  Generally, the benchmark in determining the propriety of a

14  settlement is whether the settlement is in the best interests of the estate and its creditors.  *In re*

15  *Energy Cooperative, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989).  To be approved, the settlement need

16  not represent the highest possible return to the estate, but merely must not fall below the "range of

17  reasonableness."  *In re Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1992).  In making

18  this determination, the bankruptcy court need not conduct a trial or even a "mini trial" on the merits.

19  *Id*.

20         In determining the fairness, reasonableness and adequacy of a proposed settlement, the Court

21  must consider the following factors:

22         (a) The probability of success in the litigation; (b) the difficulties, if any, to be
       encountered in the matter of collection; (c) the complexity of the litigation involved,
23       and the expense, inconvenience, and delay necessarily attending it; (d) the paramount
       interests of the creditors and a proper deference to their reasonable views in the
24       premises.

25  *A & C Properties*, 784 F.2d at 1381; *Woodson*, 839 F.2d at 620.  In other words, the Court must

26  weigh certain factors in order to determine whether the compromise is in the best interests of the

27  bankrupt estate.  *A & C Properties*, 784 F.2d at 1382.

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

The Trustee believes that based on the four factors under *A & C Properties*, the proposed Agreement is in the best interest of the Estate.

**1.      Probability of Success in Litigation.**

As an initial matter, it is worth noting that the Trustee is a defendant in the Adversary Proceeding.  At issue in the Adversary Proceeding is Debtor's transfer of the Residence to his wife, Mrs. Greer, approximately ten (10) years prior to petition date.  The Trustee initiated the Trustee Action to avoid the transfer of the Residence for the benefit of the Estate, which is the subject of a concurrently filed settlement motion.  Given the adversary action filed by the Trustee against Mrs. Greer regarding the transfer of the Residence, the Parties determined that the adversary action initiated by Creditor Street was unnecessary.  Furthermore, the purpose of a compromise agreement is to allow the Trustee to avoid the expenses and burdens associated with litigating contested and uncertain claims, and it should be noted that the law favors compromise over litigation.  As such, these factors weigh in favor of settling.

**2.      Difficulties, if any, to be Encountered in the Matter of Collections.**

As the Trustee is a defendant in the action initiated by Creditor Street, this *A & C Properties* factor is inapplicable to the relief sought in the Motion.

**3.       The Complexity of the Litigation Involved, Expense, Inconvenience and Delay Necessarily Attending It.**

The Adversary Proceeding is both legally and factually complex and may necessitate procurement of testimony and documents relating to events many years in the past.  If the Trustee continued to litigate the Adversary Proceeding, the Trustee would incur a significant amount of time and money, including engaging in discovery, attending trial and possibly responding to appeals – without a tangible benefit to the Estate due to the fact that the Trustee is a defendant.  In light of this, the Trustee believes that litigating the Adversary Proceeding will be exceedingly expensive for the Estate and will likely exceed any prospective judgment the Trustee may obtain.  Based thereon, the Trustee believes the proposed settlement and compromise is the most expedient and cost-effective method for resolving the Adversary Proceeding.  As such, this factor also weighs in favor of settling

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**4.     The Paramount Interest of the Creditors and the Proper Deference to their Reasonable Views**

The Agreement should be approved as a means of preserving assets and enhancing the value of the Estate, as it reduced litigation costs and expenses attendant to the Trustee's defense.  The Agreement allows a resolution of the Adversary Proceeding and ceases costly and risky activities related to litigation of the disputes.

The settlement is based on the Trustee's business judgment.   Rather than delay administration and incur expenses or resources litigating the disputes between the Parties, the Trustee has determined that the Settlement Agreement reached is fair and reasonable.

In summary, the  Settlement Agreement reached is based on the Trustee's good business judgment that it will benefit the Estate and creditors.  Based on this, approval of the Motion is proper.

## III.     CONCLUSION

Based on the reasons set forth above, the Trustee respectfully requests that the Court enter an order as follows:

1.      Granting the Motion;

2.      Approving the Settlement Agreement, a copy of which is attached as **Exhibit "1"** to the O'Dea Declaration;

3.      Authorizing the Trustee to execute any necessary documents to carry out the provisions as contemplated in the Settlement Agreement; and

4.      For such other and further relief, the Court deems just and proper.

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**


DATED: September 11, 2023         By:        /s/ Ryan D. O'Dea
                                         Leonard M. Shulman
                                         Ryan D. O'Dea
                                         Attorneys for Richard A. Marshack, Chapter 7
                                         Trustee

## DECLARATION OF RYAN D. O'DEA

I, Ryan D. O'Dea, declare as follows:

1.    I am a partner at the law firm Shulman Bastian Friedman & Bui, LLP, counsel for the duly appointed, qualified and acting Chapter 7 trustee for the bankruptcy estate ("Estate") of *In re Phillip Barry Greer*, Case No. Case No. 8:18-bk-10203-TA ("Debtor"). As the primary attorney handling the lawsuit against Mrs. Greer, I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2.    I make this declaration in support of the Trustee's Motion for Order Approving Settlement and Compromise of Disputes Under Federal Rule of Bankruptcy Procedure 9019 Between the Bankruptcy Estate and Chriss W. Street ("Motion"). All capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

3.    A true and correct copy of the Settlement Agreement is attached here as **Exhibit 1**.

4.    Before the Agreement was executed by the Trustee, I informed the Trustee about the risks and benefits of entering into the settlement and the benefits to the Estate which would result from the settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 11, 2023.

_____*/s/ Ryan D. O'Dea*_____
Ryan D. O'Dea

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

# EXHIBIT "1"

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (this "Settlement Agreement"), dated as of _____, 2019 (the "Effective Date"), is entered into by and between Richard A. Marshack, as Chapter 7 Trustee of the Estate of Phillip Barry Greer ("Trustee"), and Chriss W. Street ("Creditor Street"). Trustee and Creditor Street may collectively be referred to herein as the "Parties", or individually as "Party".

## RECITALS

WHEREAS, on January 22, 2018, Phillip Barry Greer ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Central District of California, Orange County Division, Case No.: 8:18-bk-10203-MW (the "Bankruptcy Proceeding");

WHEREAS, Trustee is the duly appointed, qualified and acting Chapter 7 Trustee for the bankruptcy estate (the "Estate") of the Debtor;

WHEREAS, Creditor Street is the judgment creditor under that certain judgment entered against the Debtor in that certain civil action entitled, Street v. Greer, Orange County Superior Court Case No. 30-2011-00512573-CU-BT-CJC (the "State Court Action");

WHEREAS, on April 16, 2018, Trustee filed an adversary proceeding in relation to the Bankruptcy Proceeding in the United States Bankruptcy Court, Central District of California, Orange County Division, Case No.: 8-18-ap-01069 (the "Trustee Action");

WHEREAS, the Trustee Action, among other things, seeks recovery of Debtor's interest in that certain real property more commonly known as 19 Bridgeport, Newport Beach, CA 92657 (the "Residence") which was fraudulently conveyed to Debtor's spouse, Arlene C. Greer a.k.a. Arlene C. Biden ("Debtor's Spouse");

WHEREAS, on April 26, 2018, Creditor Street also filed a separate adversary proceeding in relation to the Bankruptcy Proceeding in the United States Bankruptcy Court, Central District of California, Orange County Division, which was amended on May 30, 2018, by that certain First Amended Complaint, Case No.: 8-18-ap-01075 (the "Creditor Street Action");

WHEREAS, the Creditor Street Action, among other things, seeks a judicial declaration that Debtor, as owner, has an interest in the Residence, which is subject to a judgment lien in favor of Creditor Street by virtue of the recordation of an abstract of the State Court Judgment as Document No. 2017000337882 in the Official Records of the Orange County Recorder (the "Abstract Lien") and an "ORAP Lien" encumbering the non-exempt personal property of the Debtor;

WHEREAS, the Parties dispute certain claims and allegations set forth in their respective Trustee Action and Creditor Street Action (the "Dispute");

WHEREAS, notwithstanding the Dispute, the Parties believe that Debtor owns, as community property, a substantial amount of personal property and/or household property (collectively, the "Personal Property") that Debtor did not list in the schedules in the Bankruptcy Proceeding;

WHEREAS, if the Trustee is successful in its Trustee Action, the Trustee intends to market and sell any and all property found to be the property of the Estate, including but not limited to the Residence and Personal Property;

WHEREAS, even if Trustee obtains its interest and title to the property, Trustee would not be able to market and sell such property because Creditor Street has or allegedly has a lien on the Residence by virtue of the Abstract Lien and a lien on the non-exempt personal property of the Debtor by virtue of the ORAP Lien (each a "Lien", and collectively, the "Liens");

WHEREAS, despite the Liens, Creditor Street desires and authorizes Trustee to market and sell the Residence and Personal Property pursuant to the terms and conditions set forth herein, and as a result, the Parties agree that it is in their best interest to resolve the Dispute by way of settlement, and therefore, it is their intention and desire at this time to settle in the manner and upon the terms and conditions set forth in this Settlement Agreement, it being specifically understood and agreed that any and all acts which are to be performed pursuant to this Settlement Agreement, are not to be and will not be construed in any way as a concession and/or admission by any of the Parties of the truth of any of the allegations which have been made against any of the Parties;

WHEREAS, the Parties desire to fully and completely settle all disputes, claims, demands and causes of action heretofore arising which the Parties have, or may have, known or unknown, as to one another, including without limitation all matters arising out of or connected with, or incidental to any dealings between them, the Trustee Action, the Creditor Street Action, or the Liens, up to and including the Effective Date of this Settlement Agreement;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.    Incorporation of Recitals. The Recitals set forth above are hereby incorporated in and made part of this Settlement Agreement.

2.    Order Approving Settlement Agreement. This Settlement Agreement is contingent upon entry of a final, non-appealable order of the Bankruptcy Court approving this Settlement Agreement (the "Order"). Within fourteen (14) calendar days from this Settlement Agreement being executed by all parties, the Trustee shall file a motion for approval of compromise pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "9019 Motion") seeking Bankruptcy Court approval of this Settlement Agreement. The Parties will in good faith exercise all reasonable efforts required to obtain the entry of the Order approving the 9019 Motion, including executing and delivering any motions, declarations or other items of support reasonably required in connection therewith. This Settlement Agreement is also contingent upon entry of a final, non-appealable order approving this Settlement Agreement by the state court in the State Court Action pursuant to Code of Civil Procedure §708.410 et seq. (the "Order")

3.    Obligations of the Parties. The Parties agree that for and in consideration of (i) the foregoing Recitals, (ii) Creditor Street dismissing Trustee, and all claims and allegations against Trustee in the Creditor Street Action with prejudice, (iii) Creditor Street allowing the Trustee to proceed with the Trustee Action against Debtor's Spouse, the Trustee shall be authorized, notwithstanding the Liens, to attempt to obtain, marshal, and liquidate any and all property found to be the property of the Estate, including but not limited to the Residence and Personal Property, and (iv) Creditor Street stipulating, at the election of the Trustee, to entry of an order substituting the Trustee in place of Creditor Street to proceed with the Creditor Street Action against Debtor's Spouse, in order to aid the Trustee in his attempt to obtain, marshal, and liquidate any and all property found to be the property of the Estate, including but not limited to the Residence and Personal Property.

a.    Sale of Residence. In the event the Trustee prevails in the Trustee Action and sells the Residence, the Trustee shall disburse the Net Proceeds to Creditor Street by delivery to "Aires Law Trust Account fbo Street", 6 Hughes, Suite 205, Irvine, CA 92618 within thirty (30) days from the date of such sale. "Net Proceeds" from the sale of the Residence shall be calculated as (i) the sale price of the Residence, (ii) minus (a) marketing and selling costs related to the sale of the Residence, (b) a surcharge equal to Trustee's fees and costs incurred (including, but not limited to, counsel's fees and costs

calculated consistent with the Court-approved employment application of Shulman Hodges & Bastian, LLP), (c) payment of the Trustee's statutory fees allowable under the Bankruptcy Code, and (d) a $50,000 carve-out payable to timely filed unsecured claims of the Estate. For the sake of clarity, the amount of the Trustee's professional's fees and costs will be determined as of the date the Net Proceeds are submitted to the Creditor pursuant to this Settlement Agreement, whether or not a Bankruptcy Court order has been entered approving said fees and costs. Within fifteen (15) days from the entry of Bankruptcy Court order approving the final fees and costs of the Trustee's professionals, the Trustee shall remit to Creditor the amount of any fees and/or costs not approved by the Bankruptcy Court that were being withheld from the Net Proceeds.

      b.    Sale of Personal Property. In the event the Trustee prevails in the Trustee Action and sells any and all Personal Property found to be property of the Estate, the Trustee shall disburse 75% of the Net Sales Proceeds to Creditor Street by delivery to "Aires Law Trust Account fbo Street", 6 Hughes, Suite 205, Irvine, CA 92618 within thirty (30) days from the date of such sale, and the remaining 25% of the Net Sales Proceeds shall be paid to the general unsecured creditors of the Estate until such creditors are paid in full. "Net Sales Proceeds" from the sale of such Personal Property shall be calculated as (i) the sale price of such Personal Property, (ii) minus (a) cost of goods sold, (b) a surcharge equal to Trustee's fees and costs (including, but not limited to, counsel's fees and costs calculated consistent with the Court-approved employment application of Shulman Hodges & Bastian, LLP), and (c) payment of the Trustee's statutory fees allowable under the Bankruptcy Code. For the sake of clarity, nothing in this Settlement Agreement shall obligate the Trustee to liquidate any personal property of the Estate – as the Parties agree the decision to liquidate personal property of the Estate is within the sole discretion and business judgment of the Trustee. The Parties further agree that the Trustee will not marshal or liquidate an item of personal property unless said item has a fair market value in excess of $3,000.00.

      c.    Treatment of Creditor Street's Proof of Claim and Liens. Trustee hereby waives any defense to Creditor Street's Proof of Claim and any challenge to the nature, source, extent, and validity of the Liens.

Within fifteen (15) days after the Bankruptcy Court enters the Order approving the 9019 Motion, Creditor Street shall prepare and file such documents as are necessary to dismiss Trustee, and all claims and allegations against Trustee in the Creditor Street Action with prejudice.

The Parties further agree to be bound by the releases set forth in Section 4 and Section 5 below.

    4.    General Release. Except for the obligations created by this Settlement Agreement, effective on the Effective Date, each Party hereto on behalf of itself, and his/her heirs, spouses, offspring, affiliates, executors, administrators, insurance companies, predecessors, successors, assigns, agents, servants, employees, members, corporations, officers, directors, partnerships, partners, associates, attorneys, representatives, principals, joint ventures, parents, trustees, subsidiaries, shareholders, past and present, or anyone else claiming by and through such Party, do hereby acknowledge full and complete satisfaction of and do hereby fully and unconditionally, forever and irrevocably release, discharge, and acquit, the other Party and its affiliates, as well as their administrators, predecessors, successors, assigns, agents, servants, employees, members, corporations, insurance companies, officers, directors, partnerships, partners, associates, attorneys, representatives, principals, joint ventures, parents, trustees, subsidiaries, shareholders, past and present, and each of them, from any and all rights, claims, demands, obligations liabilities, lawsuits or claims pertaining to or arising out of the Trustee Action, Creditor Street Action, sale of Residence, Personal Property, or any property found to be property of the Estate, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character (including attorneys' fees and costs), and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or nature, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or

RAM

unclaimed, whether based on contract, statute, tort, or any other legal or equitable theory of recovery, each as though fully set forth herein at length (collectively a "Claim" or the "Claims").

5.      1542 Waiver. It is a condition hereof, and it is the intention of the Parties in executing this Settlement Agreement and in giving the releases set forth herein, that the same shall be effective as a bar to each and every claim, demand, and cause of action, matter or thing specified; and in furtherance of this specific intention, the Parties hereby expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected this settlement with the debtor."**

The Parties expressly waive and relinquish all rights and benefits under Section 1542, and any similar law or common law principle of similar effect of any state or territory of the United States and any foreign jurisdiction, with respect to any Claims released hereby, and expressly consent that this Settlement Agreement will be given full force and effect according to each and all of its express terms and provisions based upon events occurring up to and including the Effective Date of this Settlement Agreement, including those relating to unknown and unsuspected claims, demands and causes of action, if any, as well as those relating to any other claims, demands and causes of action herein above specified.

The Parties further represent and warrant that they have been advised to seek advice from independent legal counsel of their own choosing regarding this Settlement Agreement and its terms and language, and understand and acknowledge the significance and consequence of these releases, and the specific waiver of Section 1542.

6.      No Admission of Liability. The Parties understand, acknowledge, and agree that this Settlement Agreement, the offer of this Settlement Agreement, and compliance with this Settlement Agreement, shall not constitute or be construed as an admission by any Party or any of its affiliates, of any wrongdoing or liability. Instead, this Settlement Agreement is to be construed solely as a reflection of the Parties' desire to resolve the claims made in the related actions hereto. This Settlement Agreement shall not be admissible in any judicial, administrative, or other proceeding as an admission of liability, or for any purpose other than to enforce the terms of this Settlement Agreement. Without limiting the foregoing, neither this Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as, or deemed to be evidence of, an admission of, or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to any Party or as a waiver by any Party of any applicable defense.

7.      Representations and Warranties.

    a.      Representations of Trustee.

       i.      Subject only to the approval of the Bankruptcy Court, the Trustee has all requisite power and authority to execute, deliver and perform under the terms and conditions of this Settlement Agreement and the transactions contemplated herein, and the execution, delivery and performance by Trustee of this Settlement Agreement and the consummation of the transactions contemplated herein have been duly authorized on the part of the Trustee.

       ii.      Subject only to the approval of the Bankruptcy Court, the execution, delivery and performance by the Trustee of this Settlement Agreement and the consummation of the transactions contemplated herein will not, with or without the giving of notice or the lapse of time, or both, require consent, approval, authorization, exemption or waiver, violate any provision or law, rule or regulation to which the Trustee may be subject or any order, judgment or decree to which the Trustee may be subject, or conflict with, or result in, a breach or default under, any term or condition of any agreement or instrument to which the Trustee is a party or by which the Trustee may be bound.

RAM

iii.   [...]ly and voluntarily entered into this Settlement Agreement and has been fully advised by Trustee's attorneys concerning Trustee's rights and has further been advised by Trustee's attorneys as to the terms and effects of this Settlement Agreement.

      b.    Representations of Creditor Street.

          i.    Subject only to the approval of the Bankruptcy Court, Creditor Street has all requisite power and authority to execute, deliver and perform under the terms and conditions of this Settlement Agreement and the transactions contemplated herein, and the execution, delivery and performance by Creditor Street of this Settlement Agreement and the consummation of the transactions contemplated herein have been duly authorized by all necessary action on the part of Creditor Street.

          ii.    Subject only to the approval of the Bankruptcy Court, the execution, delivery and performance by Creditor Street of this Settlement Agreement and the consummation of the transactions contemplated herein will not, with or without the giving of notice or the lapse of time, or both, require any consent, approval, authorization, exemption or waiver, violate any provision of any law, rule, regulation or any order, judgment or decree to which Creditor Street may be subject; or conflict with, or result in, a breach or default under any term or condition of any agreement or instrument to which Creditor Street is a party or by which Creditor Street may be bound.

          iii.    Creditor Street has freely and voluntarily entered into this Settlement Agreement and has been fully advised by Creditor Street's attorneys concerning his rights and have further been advised by Creditor Street's attorneys as to the terms and effects of this Settlement Agreement.

      c.    Representations of the Parties.

          i.    The Parties, and each of them, separately represent and warrant to each other that they have not heretofore assigned or transferred, or purported to assign or transfer, to any other person or entity any Claim or other matter herein released.

          ii.    It is understood by the Parties, and each of them, and specifically stated by the Parties hereto, and each of them, that with the exceptions and warranties expressly set forth in this Settlement Agreement, this Settlement Agreement is made without reliance upon any statement or representation of any other party or any agent, attorney, or representative of any Party and that no Party is acting as agent, attorney or representative of any other Party and that the release herein includes claims for misrepresentation, fraud in the inducement, and concealment as it relates to facts discussed prior to execution of this Settlement Agreement.

          iii.    Each Party represents and warrants to each and every other Party that each Party has made such investigation of the facts pertaining to the settlement set forth herein, and of all matters pertaining thereto, as they deemed necessary and that their willingness to execute this Settlement Agreement is based upon their independent investigation.

    8.    Miscellaneous.

      a.    Entire Agreement. This Settlement Agreement constitutes the entire understanding and agreement between the Parties concerning the subject matter hereof and supersedes all prior and contemporaneous agreements, understandings, terms, conditions and representations, written or oral, made by any of the Parties or their agents, concerning the matters covered by this Settlement Agreement.

RAM

b. Modification. This Settlement Agreement may be amended and modified only by a written agreement signed by all of the Parties specifically acknowledging and approving of the modification.

c. Successors and Assigns. This Settlement Agreement shall inure to the benefit of, and shall be binding upon the Parties, and each of them, and their respective successors, assigns, heirs, partners, agents, officers, corporations, partnerships, partners, shareholders, representatives, and each of them.

d. Controlling Law. This Settlement Agreement has been entered into in the State of California and this Settlement Agreement, including any rights, remedies, or obligations provided for thereunder, shall be construed and enforced in accordance with the laws of the State of California.

e. Jurisdiction. Each of the Parties consents to the exclusive jurisdiction of the Bankruptcy Court as to any litigation or dispute that arises from or relates to this Settlement Agreement or any breach thereof.

f. Severability. If any immaterial provision of this Settlement Agreement is held, determined or adjudicated to be invalid, unenforceable or void for any reason, each such provision shall be severed from the remaining portions of this Settlement Agreement and shall not affect the validity and enforceability of such remaining material provisions.

g. Effect of Headings. The titles and headings of this Settlement Agreement are for convenience and identification only, and shall not be deemed to limit, amplify, or define the contents of the respective sections or paragraphs to which they pertain.

h. Gender. Whenever in this document the context may so require, the masculine gender shall be deemed to include the feminine and neuter genders, and vice-versa.

i. Time is of the Essence. Time is of the essence with regard to performance of all acts described in or contemplated by this Settlement Agreement.

j. Construction. This Settlement Agreement has been negotiated at arm's length between persons (or their representatives) sophisticated and knowledgeable in the matters dealt with in this Settlement Agreement. Accordingly, any rule of law (including California Civil Code, Section 1654) or legal decision that would require interpretation of any ambiguities in this Settlement Agreement against the Party that has drafted it, is not applicable and is hereby waived. The provisions of this Settlement Agreement shall be interpreted in a reasonable manner to effect the purpose of the Parties and this Settlement Agreement.

k. Notices. All notices under this Settlement Agreement shall be in writing and shall be effective upon receipt whether delivered by personal delivery or recognized overnight delivery service, fascimile, e-mail, or sent by United States registered or certified mail, return receipt requested, postage prepaid, addressed to the respective Parties as follows:

If to Trustee:

Marshack Hays LLP
Attn: Richard A. Marshack
870 Roosevelt
Irvine, CA 92620

With a copy to:

Shulman Hodges & Bastian LLP
Attn: Ryan O'Dea
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
Email: rodea@shbllp.com

RAM

If to Creditor Street:

Chriss W. Street
C/O Aires Law Firm
6 Hughes, Suite 205
Irvine, CA 92618

With a copy to:

Aires Law Firm
Attn: Timothy C. Aires
6 Hughes, Suite 205
Irvine, CA 92618
Email: tca@arlawyers.com

l.  Counterparts. This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. This Settlement Agreement may be executed with electronic, facsimile, or e-mailed signatures. Such signatures shall be deemed valid for all purposes as if they were signed by hand.

m.  Costs and Attorneys' fees. Subject to the provisions set forth in this Settlement Agreement, each Party shall bear its own costs and attorneys' fees incurred in connection with the making of this Settlement Agreement. Should a controversy, dispute, or claim arise out of this Settlement Agreement and proceed to litigation, the prevailing party shall be entitled to recover from the opposing party the prevailing party's costs and reasonable attorneys' fees incurred in connection with the controversy, dispute, or claim.

n.  Further Assurances. The Parties agree to take such further acts and execute such additional documents as may be necessary or appropriate to carry out the provisions and purposes of this Settlement Agreement.

**BY SIGNING THIS SETTLEMENT AGREEMENT WHERE INDICATED BELOW I CERTIFY THAT I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT IN ITS ENTIRETY, INCLUDING CIVIL CODE SECTION 1542 QUOTED IN THE BODY OF THIS SETTLEMENT AGREEMENT, THAT I FULLY UNDERSTAND ALL THE WORDS, LANGUAGE, TERMS AND CONDITIONS CONTAINED HEREIN AND THAT I AGREE TO BE BOUND BY ALL THE TERMS AND CONDITIONS SET FORTH HEREIN**

**IN WITNESS WHEREOF**, the Parties have entered into this Settlement Agreement intending to be bound by the terms contained herein as of the Effective Date.

**CREDITOR STREET**

**TRUSTEE**

CHRISS W. STREET

RICHARD A. MARSHACK

Chriss W. Street, an individual

Richard A. Marshack, as Trustee of the Bankruptcy Estate of Phillip Barry Greer

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT AND COMPROMISE OF DISPUTES UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 BETWEEN THE TRUSTEE AND CHRISS W. STREET; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RYAN D, O'DEA IN SUPPORT [with Notice of Opportunity to Request a Hearing on Motion]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 11, 2023,  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On September 11, 2023,  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/11/2023 | Lori Gauthier | */s/ Lori Gauthier* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- **Timothy C Aires**    tca@arlawyers.com, gperez@arlawyers.com
- **Peter Bach-y-Rita**    peter.bachyrita@gmail.com, peter.bachyrita@yahoo.com
- **James C Bastian**    jbastian@shulmanbastian.com
- **Arnold L Graff**    agraff@wrightlegal.net,
  bkudgeneralupdates@wrightlegal.net;jpowell@wrightlegal.net
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Nancy L Lee**    bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
- **Judith E Marshack**    jmarshack@marshackhays.com,
  jmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Ryan D O'Dea**    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Misty A Perry Isaacson**    misty@ppilawyers.com,
  ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Robert P Zahradka**    rzahradka@nationalfunding.com

**SERVED BY UNITED STATES MAIL:**

Phillip B Greer
1280 Bison Suite B9 531
Newport Beach, CA 92660

Phillip Barry Greer
19 Bridgeport
Newport Coast, CA 92657-1014

ATII Legacy, LLC
Chapman and Cutler LLP
David Audley
111 W. Monroe Street
Chicago, IL 60603

Deutsche Bank National Trust Company
c/o McCarthy & Holthus, LLP
411 Ivy Street
San Diego, CA 92101-2108

Chriss Street
c/o Timothy Aires
6 Hughes, Suite 205
Irvine, Ca 92618

Department Stores National Bank
c/o Quantum3 Group LLC
PO Box 657
Kirkland, WA 98083-0657

Department Stores National Bank
Citibank, N.A.
701 East 60th Street North
Sioux Falls, SD 57117

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

DSNB MACY S|CITIBANK
1000 TECHNOLOGY DRIVE MS 777
O FALLON MO 63368-2222

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101

Karl T. Anderson, Chapter 7 Trustee
c/o PAGTER AND PERRY ISAACSON
Attn: Misty Perry Isaacson
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92701

MUFG Union Bank, N.A.,
fka Union Bank, N.A.
P.O. Box 85600, 2-36D-224
San Diego, CA 92186

Arlene Biden
c/o Phillip Greer
19 Bridgeport Road
Newport Coast, CA 92657

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500