Phillip B Greer Esq   SBN 96438
Law Offices of Phillip B Greer
4000 MacArthur Blvd  suite 600
Newport Beach, California
92660

Attorney for Arlene C. Biden



FILED
SEP 26 2023
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DSTRICT OF CALIFORNIA, SANTA ANA DIVISION

| In Re | Case No.: 8:18-bk-10203-TA |
|---|---|
| PHILLIP BARRY GREER | |
| Debtor | PARTIAL OPPOSITION TO MOTION FOR ORDER APPROVING SETTLEMENT AND REQUEST FOR HEARING |

TO THE HONORABLE THEODOR C. ALBERT, UNITD STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND HIS COUNSEL AND ALL OTHER PARTIES IN INTEREST.

    Arlene C Biden, the subject of the proposed settlement objects to a single term of the settlement agreement due to the fact that, to the best of her knowledge, performance of that term, as provided in the agreement, is impossible. As such, Ms. Biden seeks and requests a hearing on the Trustee's motion

PARTIAL OPPOSITION TO MOTION FOR ORDER APPROVING SETTLEMENT AND REQUEST FOR HEARING - 1

After extensive, good faith negotiations, the parties came to an agreement which, for the most part, is represented in the Trustee's moving papers. One of the fundamental terms of the agreement required Ms. Biden to make a single, lump sum payment to the Trustee of One Hundred Fifty Thousand Dollars ($150,000.00) to cover costs, fees and other incidentals. Ms. Biden, in anticipation of having to make the payment, and having no independent source of funds, intended to refinance her separate property home to secure the funds. Payment of the settlement amount was predicated on Ms. Biden's ability to refinance the real property. In fact, Ms Biden had secured a loan and was simply waiting for her compromise discussions with the IRS to be completed, so the loan could fund.

Subsequent to entering into the settlement agreement, Ms. Biden was informed by the entity pursuing her IRS settlement that the IRS could not complete its review and make a settlement offer while bankruptcy claims were attached to the property. Ms. Biden immediately notified counsel for the trustee of the issue and conversation with counsel for the Trustee, who has been working very hard to resolve this matter and has been very cooperative, counsel explained the Trustee's position which is that the bankruptcy notations that the IRS is concerned about cannot be removed unless and until the bankruptcy has been resolved. Other workarounds, proposed by either counsel for Ms. Biden or the Trustee, have not been able to resolve the issue.

This puts Ms. Biden in an impossible situation. She cannot close her loan without a settlement number from the IRS. She cannot get a settlement number from the IRS unless and until the bankruptcy is resolved. She cannot get the bankruptcy resolved unless and until she pays the Trustee One Hundred Fifty Thousand Dollars. She cannot secure and pay the funds unless and until she can refinance the property which she cannot do while the bankruptcy is in place. As such, performance of the settlement agreement, as constituted, is impossible.

PARTIAL OPPOSITION TO MOTION FOR ORDER APPROVING SETTLEMENT AND REQUEST FOR HEARING - 2

Ms. Biden seeks some guidance and direction from the Court and counsel for the Trustee as to how to modify the settlement agreement so that its terms can be fulfilled.

Dated: September 26, 2023

_____
Phillip B Greer
Attorney for Defendant
Arlene C Biden

PARTIAL OPPOSITION TO MOTION FOR ORDER APPROVING SETTLEMENT AND REQUEST FOR HEARING - 3